UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| APRIL GRIEGO,<br><br>         Plaintiff,<br><br>v.<br><br>CHAPS HOUSING ASSISTANT PROGRAM, *et al.*,<br><br>         Defendants. | Case No. 2:24-cv-00653-ART-NJK<br><br>**Order**<br><br>[Docket No. 5] |

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 5. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.     *In Forma Pauperis* Application**

Plaintiff filed the affidavit required by § 1915(a). Docket No. 5. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

First, Plaintiff's complaint does not establish subject matter jurisdiction.[1] Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) does not exist here because Plaintiff and Defendants appear to all be citizens of Nevada. *See* Docket No. 1-1 at 1-2. It is unclear whether there is any basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. The complaint identifies no federal cause of action or federal question.[2] The Court cannot discern from the complaint any basis on which subject matter jurisdiction could exist.

Second, litigants are required to provide a short, plain statement of their claims, *see* Fed. R. Civ. P. 8(a), including setting forth coherently who is being sued, for what relief, and on what theory. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with this requirement. *E.g., Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). The complaint falls short of meeting this standard. The complaint fails to provide a short and plain statement of the case that Plaintiff is trying to bring. *Cf.* Fed. R. Civ. P. 8(a). Plaintiff only submits "Rebecca Momodu Race Discrimination" and "Rebecca Momodu Disability Discrimination." Docket No. 1-1 at 4. Plaintiff provides no factual allegations anywhere in the complaint.

Lastly, Plaintiff failed to sign the complaint in violation of the Federal Rules of Civil Procedure. *See* Docket No. 1-1 at 5; *see also* Fed. R. Civ. P. 11(a).

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in *forma pauperis* is **GRANTED**. Docket No. 5. Plaintiff is not required to pay the filing fee of $405. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* does not extend to the issuance and/or service of subpoenas at government expense.

---

[1] The section of the complaint where jurisdiction is meant to be pled is left blank here. *See* Docket No. 1-1 at 3.

[2] Plaintiff checks the "U.S. Government as Defendant" as a basis of jurisdiction in her civil cover sheet. Docket No. 1-2 at 1.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket. Docket No. 1-1.

3. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **October 28, 2024,** to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. Failure to comply with this order will result in the recommended dismissal of this case.

IT IS SO ORDERED.

Dated: September 27, 2024

_____
Nancy J. Koppe
United States Magistrate Judge