1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7

APRIL GRIEGO,

8            Plaintiff,

9    v.

10   CHAPS HOUSING ASSISTANT
     PROGRAM, *et al.*,

11            Defendants.

12

Case No. 2:24-cv-00653-ART-NJK

**Order**

13      On September 27, 2024, the Court screened Plaintiff's original complaint and dismissed it

14   with leave to amend.  Docket No. 6.  On October 7, 2024, Plaintiff filed an amended complaint.

15   The Court herein screens that amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

16   **I.      STANDARDS**

17      Federal courts are given the authority to dismiss a case if the action is legally "frivolous or

18   malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

19   a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

20      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint

21   for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is

22   essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723

23   (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim

24   showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*

25   *Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations,

26   it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause

27   of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,

28   286 (1986)).  The court must accept as true all well-pled factual allegations contained in the

1

complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    ANALYSIS

First, Plaintiff's complaint does not establish subject matter jurisdiction. Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) does not exist here because Plaintiff and Defendants appear to all be citizens of Nevada. *See* Docket No. 9 at 1-2. It is unclear whether there is any basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. The complaint identifies no federal cause of action or federal question; instead, Plaintiff submits "racial discrimination" and disability discrimination" as the basis of jurisdiction. *See* Docket No. 9 at 3. Further, the amended complaint attaches a copy of Plaintiff's charge of public accommodation discrimination that was filed with the Nevada Equal Rights Commission, where Plaintiff submits that she believes that Defendant's actions violated Nevada state law. Docket No. 9 at 7. The Court cannot discern from the complaint any basis on which subject matter jurisdiction could exist.

Second, litigants are required to provide a short, plain statement of their claims, *see* Fed. R. Civ. P. 8(a), including setting forth coherently who is being sued, for what relief, and on what theory. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with this requirement. *E.g., Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). The complaint fails to provide a short and plain statement of the case that Plaintiff is trying to bring.

*Cf.* Fed. R. Civ. P. 8(a).  Plaintiff provides no factual allegations anywhere in the complaint. Instead, Plaintiff attaches a copy of her charge of public accommodation discrimination that she filed with the Nevada Equal Rights Commission and a letter from January 16, 2024.  Docket No. 9 at 7,8.  The Court will not review Plaintiff's documents and piece together facts to formulate causes of actions on Plaintiff's behalf.  Plaintiff must prepare a complaint that alleges facts setting forth the nature of each Defendant's conduct, what rights were allegedly violated, and how each Defendant allegedly violated Plaintiff's rights.  The burden of presenting the facts of her case in a "short and plain" manner must be carried by Plaintiff.  Although the Court will liberally construe Plaintiff's complaint, sifting through documents and formulating claims on Plaintiff's behalf  crosses the line between liberal construction and advocating on Plaintiff's behalf.

Having determined that Plaintiff's amended complaint fails to state any colorable claim for relief, the Court must decide whether to afford Plaintiff leave to amend.  A plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear that the deficiencies cannot be cured by amendment.  *Cato*, 70 F.3d at 1106.  Leave to amend is not automatic, however, and "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."  *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

Plaintiff has previously been afforded an opportunity to amend the complaint and was specifically cautioned to ensure that she established subject matter jurisdiction and included factual allegations.  *See* Docket No. 6 at 3.  Nonetheless, the Court will afford Plaintiff one final opportunity to amend the complaint if she believes that any of the above deficiencies can be cured.

## III.    CONCLUSION

For the reasons explained above, Plaintiff's amended complaint is **DISMISSED** with leave to amend.  Docket No. 9.  Plaintiff will have until November 25, 2024, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended

complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to file an amended complaint by the deadline set above may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: October 28, 2024

_____
Nancy J. Koppe
United States Magistrate Judge