1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

APRIL GRIEGO,

               Plaintiff,

     vs.

CHAPS HOUSING ASSISTANT
PROGRAM, et al.,

           Defendants.

Case No. 2:24-cv-00653-ART-NJK

ORDER ON REPORT AND
RECOMMENDATION OF
MAGISTRATE JUDGE
(ECF No. 14)

11
12
13
14
15
16

     Plaintiff April Griego brings this action against Defendants Allysa Antos, Rececca Momodu, and the CHAPS Housing Assistant Program alleging race and disability discrimination. Before the Court is Magistrate Judge Koppe's Report and Recommendation (R&R) which recommends dismissal of Plaintiff's second amended complaint for failure to establish federal subject matter jurisdiction. (ECF No. 14.) Plaintiff filed an objection. (ECF No. 15.)

17
18
19

     For the reasons discussed below, the Court adopts Judge Koppe's R&R. Plaintiff's second amended complaint is dismissed without prejudice but without leave to amend for failure to establish subject matter jurisdiction.

20

**I.    Review of Report and Recommendation**

21
22
23
24
25
26
27
28

     Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). Because Plaintiff objects to Judge Koppe's Report

and Recommendation, the Court reviews this motion *de novo*.

## II. Analysis

Judge Koppe's R&R screens Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) and recommends dismissal of Plaintiff's complaint because Plaintiff has failed in her second amended complaint to establish federal subject matter jurisdiction. (ECF No. 14.) Generally, a plaintiff may establish federal subject jurisdiction by either meeting the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a), or the requirements for federal question jurisdiction under 28 U.S.C. § 1331.

The Court agrees with Judge Koppe that it appears that there is no diversity jurisdiction under 28 U.S.C. § 1332(a) because both Plaintiff and Defendant appear to be citizens of the same state (Nevada). As to federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff must demonstrate that her claim "aris[es] under the Constitution, laws, or treaties of the United States." To meet this requirement Plaintiff must plead a cause of action under federal law or show that "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Fran. Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 8-9 (1983)).

Plaintiff's second amended complaint states that "Racial Discrimination" and "Disability Discrimination" are the basis for jurisdiction in federal court. (ECF No. 13 at 3.) The rest of Plaintiff's complaint consists of the forms filed with the Nevada Equal Rights Commission ("NERC") and a Right to Sue letter sent to her by NERC. (*Id.* at 6-11.) On the forms filed with NERC, Plaintiff alleges that she was discriminated against based on race (White) and disability status by Rebecca Momodu, a case worker at the CHAPS housing program. (*Id.* at 6.) Plaintiff says that Ms. Momodu was "rude and difficult," asked inappropriate questions about her disability status, and ultimately denied her application. (*Id.*) Plaintiff then

states she is aware of non-White applicants receiving preferential treatment and being approved during this period. (*Id.*) Finally, Plaintiff states that she "believe[s] that Respondent's actions violated Nevada State Law." (*Id.*)

Plaintiff does not state any federal cause of action in her complaint, nor does she explain how vindication of her state law right turns on a question of federal law. The only reference to a specific claim Plaintiff brings is that she believes that Nevada state law was violated. In Plaintiffs' objections to the R&R, she explains in more detail her allegations, but still does not state under what federal law or question her claims lie. (ECF No. 15 at 1.) Therefore, the Court agrees with Judge Koppe that Plaintiff has failed to demonstrate that this Court has subject matter jurisdiction over her claims.

### III.  Leave to Amend

A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (citing *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

Here, Plaintiff has been given multiple opportunities to cure the deficiency in her complaint. The Court dismissed Plaintiff's initial complaint (ECF No. 7) because it did not establish subject matter jurisdiction. (ECF No. 6.) Plaintiff was given leave to amend her complaint. (*Id.*) Plaintiff then submitted a first amended complaint. (ECF No. 9.) The Court screened and dismissed this complaint for failure to establish subject matter jurisdiction, providing plaintiff "one final opportunity to amend the complaint." (ECF No. 12 at 3.) Plaintiff then submitted her second amended complaint, the subject of this order. (ECF No. 13.)

Because Plaintiff has been given multiple opportunities to amend her complaint to cure this deficiency, the Court dismisses her second amended complaint without prejudice but without leave to amend. Insofar as Plaintiff

intends to bring an action for violation of Nevada state law, she must bring this claim in state court.

### IV.    Conclusion

It is therefore ordered that Judge Koppe's R&R (ECF No. 14) is ADOPTED.

It is further ordered that Plaintiff's second amended complaint (ECF No. 13) is DISMISSED without prejudice but without leave to amend.

It is further ordered that the Clerk of the Court is ordered to CLOSE this case.

Dated this 18th day of February, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE