UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| APRIL GRIEGO,<br>              Plaintiff,<br>       vs.<br>CHAPS HOUSING ASSISTANT PROGRAM, et al.,<br>              Defendants. | Case No. 2:24-cv-00653-ART-NJK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND ENTRY OF DEFAULT<br>(ECF Nos. 17, 18) |

Plaintiff April Griego brought this action against Defendants Allysa Antos, Rececca Momodu, and the CHAPS Housing Assistant Program alleging race and disability discrimination. On February 18, 2025, the Court entered an order dismissing Plaintiff's second amended complaint without prejudice but without leave to amend because Plaintiff had failed to establish federal subject matter jurisdiction over her claims. (ECF No. 16.) Plaintiff subsequently filed a motion for reconsideration (ECF No. 17) and a motion for entry of Clerk's default (ECF No. 18) which the Court now considers. For the reasons discussed below, the Court denies both motions.

### I.    Motion for Reconsideration (ECF No. 17)

A district court may reconsider an interlocutory order for cause, so long as it retains jurisdiction. LR 59-1(a). Reconsideration may be appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1(a).

A district court may also reconsider an order after final judgment in a case under either Federal Rule of Civil Procedure 59(e) or 60(b). "A district court may

1 grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc). Rule 60(b) permits reconsideration upon "a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *ACandS, Inc.*, 5 F.3d at 1263.

Plaintiff's motion for reconsideration does not meet any of the above standards. Plaintiff's motion states that she has submitted evidence showing that her rights were violated. However, her motion does not explain why reconsideration is warranted under any of the above standards. Plaintiff's complaint was dismissed because she failed to show that the Court had federal subject matter jurisdiction, which remains true. The Court therefore denies Plaintiff's motion for reconsideration.

## II.     Motion for Entry of Clerk's Default (ECF No. 18)

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."

Plaintiff's motion appears to request an entry of default based on the fact that Defendants did not respond to Plaintiff's motion for reconsideration filed on March 6, 2025. However, according to the docket, Defendants were never served in this action. Thus, Defendants have not failed to plead or otherwise defend this action, and the entry of Clerk's default is not warranted. The Court will therefore deny Plaintiff's motion for entry of default.

## III.    Conclusion

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 17) is DENIED.

It is further ordered that Plaintiff's motion for entry of Clerk's default (ECF No. 18) is DENIED.

It is further ordered that the Clerk of the Court is ordered ENTER JUDGMENT in this case dismissing Plaintiff's claims without prejudice (per ECF No. 16).

Dated this 29th day of May 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3